UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-cv-24012-ALTMAN

**ANDREW ESTOP**,

    *Plaintiff*,

v.

**HSBC BANK USA**,

    *Defendant*.

_____/

## ORDER

Because the Plaintiff has moved to proceed *in forma pauperis* [ECF No. 3], we've screened his Complaint [ECF No. 1] under the provisions of 28 U.S.C. § 1915(e). But the Plaintiff has failed to establish that we can exercise subject-matter jurisdiction over this case. And, even if we *did* have jurisdiction, we'd find that the Plaintiff failed to state a plausible claim. We therefore **DISMISS** the Complaint without prejudice.

### THE LAW

A court may authorize a party to proceed *in forma pauperis* in any suit so long as that party complies with the prescriptions of 28 U.S.C. § 1915. But the court must screen such cases and must dismiss a complaint if it concludes that "the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Mitchell v. Farcass*, 112 F.3d 1483, 1486 (11th Cir. 1997) (explaining the grounds for dismissal under § 1915).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level"—with "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). Under this

standard, legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Moreover, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* at 678 (internal quotation marks omitted).

Although "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998), that leniency "does not give courts license to serve as de facto counsel or to rewrite an otherwise deficient pleading in order to sustain an action," *Shuler v. Ingram & Assocs.*, 441 F. App'x 712, 716 n.3 (11th Cir. 2011). *Pro se* litigants "cannot simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim. . . . [J]udges cannot and must not 'fill in the blanks' for *pro se* litigants; they may only cut some 'linguistic slack' in what is actually pled." *Hanninen v. Fedoravitch*, 2009 WL 10668707, at *3 (S.D. Fla. Feb. 26, 2009) (Altonaga, J.) (cleaned up).

A federal court also has "the obligation at any time to inquire into jurisdiction whenever the possibility that jurisdiction does not exist arises." *Fitzgerald v. Seaboard Sys. R.R., Inc.*, 760 F.2d 1249, 1251 (11th Cir. 1985). Because federal courts are courts of limited subject-matter jurisdiction, they must "zealously insure [their] jurisdiction." *Smith v. GTE Corp.*, 236 F.3d 1292, 1299 (11th Cir. 2001). In other words, "they have the power to decide only certain types of cases." *Id.* It is the plaintiff's burden to establish a basis for the court's jurisdiction. *See Cornelius v. U.S. Bank Nat. Ass'n*, 452 F. App'x 863, 865 (11th Cir. 2011) (recognizing that "[i]t is the plaintiff's burden to allege with sufficient particularity the facts creating jurisdiction" (quoting *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1273 (11th Cir. 2000) (cleaned up))). A plaintiff can meet that burden by showing that the court may exercise *either* (1) diversity jurisdiction under 28 U.S.C. § 1332(a), *or* (2) federal-question jurisdiction under 28 U.S.C. § 1331. *PTA–FLA, Inc. v. ZTE USA, Inc.*, 844 F.3d 1299, 1305 (11th Cir. 2016).

**ANALYSIS**

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." FED. R. CIV. P. 8(a) (cleaned up). Our Plaintiff fails at steps one and two, which we'll address in turn.

*Step One.* In his sparse Complaint, Estop asks for fifteen-million dollars. *See* Complaint at 3. But he never really tells us why he's owed this money. In an oblique reference in his Civil Cover Sheet, he suggests that the HSBC wronged him through "Loan/Mor[t]gage/Title Fraud Upon the Court [and] RICO racketeering[.]" *Ibid.* But he provides no ground for us to exercise subject-matter jurisdiction over his case. *See generally ibid.* (failing to identify any basis for either diversity or federal-question jurisdiction). In his Civil Cover Sheet (it's true), Estop avers that his cause of action arises under 28 U.S.C. § 1446—the removal statute. *See id.* at 3. But "[o]nly state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The corollary to this rule is that absent diversity of citizenship, the only basis for removal is when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Lindley v. F.D.I.C.*, 733 F.3d 1043, 1050 (11th Cir. 2013) (internal quotation marks omitted). Needless to say, Estop hasn't identified a state-court case that's been removed—so § 1446 is no help to him. His bigger problem, though, is that he hasn't alleged that we can exercise either diversity or subject-matter jurisdiction over this case. We thus dismiss the Complaint for lack of subject-matter jurisdiction.

As we've hinted, however, this isn't the Complaint's only defect. On the contrary, the Complaint also fails to state a viable claim. Instead of giving us "a short and plain statement" of his claim, FED. R. CIV. P. 8(a)(2), Estop tells us nothing at all. The whole of his form-complaint reads as follows:

> I, Andrew Estop, plaintiff, in the above styled cause, sue defendant(s): HSBC Bank USA. This action is filed under (indicate under which federal law or section of the U.S. Constitution this action is being filed): [left blank].

Complaint at 1. His allegations, in short, don't include "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555, 570. And we "cannot and must not 'fill in the blanks' for *pro se* litigants[.]" *Hanninen*, 2009 WL 10668707, at *3.

One final thing: The Complaint and the Civil Cover Sheet are signed by someone "on behalf of Andrew Estop." Complaint at 1, 2, 3. And Estop has attached to his Complaint a power-of-attorney form, which appears to bear the same signature. *See id.* at 4. That won't do. Estop can either act *pro se*—that is, for himself—or through a lawyer. But he cannot proceed through a *non*-lawyer. *See, e.g.*, *Miller v. Byers*, 833 F. App'x 225, 226 (11th Cir. 2020) ("Because J.F. Miller was not named in and did not sign the notice of appeal, and he cannot be represented by J.W. Miller, who is not an attorney, he is not a proper party to this appeal, notwithstanding J.W. Miller's claim of power of attorney."); *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978)[1] ("Since she has not qualified as a 'next friend,' Leona Weber may not participate in the unauthorized practice of law by preparing legal papers, filing petitions and briefs, and generally acting as an attorney in violation of state and federal provisions governing the unauthorized practice of law. The powers of attorney executed by the Zimmermans do not invest her with such authority. The Zimmermans are not entitled to have an unlicensed lay person represent them either in the district court or here."); *United States v. Polynice*, 2022 WL 2341184, at *3 n.1 (S.D. Fla. June 29, 2022) (Bloom, J.) ("[B]ecause Mr. Sido is not a lawyer, he cannot represent Mrs. Sido or file an answer on her behalf."). If Estop intends to file a new complaint, then, he must *either* sign and file it himself as a *pro se* litigant *or* else submit it through counsel. But he may not act through a non-lawyer.

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

\*\*\*

Accordingly, we hereby **ORDER AND ADJUDGE** that the Complaint [ECF No. 1] is **DISMISSED** *without prejudice*. The Clerk of Court shall **CLOSE** this case. All other pending motions are **DENIED as MOOT**, and all deadlines are **TERMINATED**.

**DONE AND ORDERED** in the Southern District of Florida on December 13, 2022.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: Matthew J. Choy, *pro se*